**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SAMUEL HAYDEN,**

       **Petitioner,**

                                  **Case No. 2:15-cv-2927**

   **v.**                           **Judge Smith**

                                    **Magistrate Judge King**

**WARDEN, MARION
CORRECTIONAL INSTITUTION,**

       **Respondent.**

**ORDER and
REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the *Petition* (ECF No. 1), Respondent's *Motion to Dismiss* (ECF No. 11), Petitioner's *Response in Opposition* (ECF No. 12), and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* be **GRANTED**, and that this action be **DISMISSED.**

Petitioner's request for an evidentiary hearing, presented in his *Response in Opposition*, PageID# 187-88, is **DENIED**.

**Facts and Procedural History**

Petitioner was indicted by the May 8, 1992, term of the Franklin County grand jury on two counts of aggravated murder and one count of aggravated robbery, with death penalty and firearm specifications. *Indictment* (ECF No. 11-1, PageID# 59.)  On January 29, 1993, Petitioner pled guilty to the aggravated murder count charged in Count Two of the Indictment and to robbery, *i.e.,* the lesser included offense charged in Count Three of the Indictment.  (PageID# 71.)

[Petitioner] and his counsel worked out a plea bargain under the terms of which he pled guilty to one count of aggravated murder with death penalty specifications and a firearm specification. He also pled guilty to robbery.

Hayden was sentenced to 20 years to life on the death penalty charge and 3 years as a result of the firearm specification. He also was sentenced to a term of incarceration of 3 – to - 15 years as a result of the robbery conviction. All the sentences were ordered to run consecutively. The practical result was that he was to serve a term of 26 years to life.

The entry of guilty plea form makes it clear the parties had agreed to remove the possibility of a death sentence from consideration as a part of the plea bargain. The part of the guilty plea form which informed Hayden of his potential sentences did not list death as a possible sentence, but terms of incarceration as the only possible sentences.

The trial judge who accepted the plea and later sentenced Hayden, gave Hayden the lesser of the two sentences possible for aggravated murder with a death penalty specification. The sentencing possibilities were 20 years to life of incarceration or 30 years to life of incarceration. As noted earlier, Hayden received additional terms of incarceration for the use of a firearm and for being guilty of robbery.

Over 20 years after the plea and sentencing, Hayden filed a motion pointing out the problems resulting from the parties and trial judge not following the technical aspects of the law at the time the pleas were entered. Specifically, Hayden asserts the trial court erred in failing to convene a three-judge panel to accept his guilty plea and pronounce his sentence. Hayden titled his motion as a "Motion for Issuance of a Final Appealable Order." The trial court treated Hayden's motion as a petition for post-conviction relief. Because so much time had elapsed, the court denied relief on the grounds the petition for post-conviction relief was not filed in a timely fashion and that res judicata barred claims that should have been raised on direct appeal.

*State v. Hayden*, No. 14AP-361, 2014 WL 6436258, at *1-2 (Ohio App. 10th Dist. Nov. 18, 2014). Petitioner filed a timely appeal, raising the following assignments of error:

[I.] Whether the "recharacterization" or "reclassification" of a proceeding which challenges a sentence that is void (wherein the

2

trial court did patently exceed its jurisdiction as defined in and under: O.R.C. § 2945.06 rendering the judgment void (as a matter of law) excuses a trial court from correcting its error when apparent on the record.

[II.] Whether the doctrine of res judicata is applicable to a judgment which is facially void.

*Id*. at *1.  On November 18, 2014, the appellate court affirmed the judgment of the trial court. *Id*.  On April 29, 2015, the Ohio Supreme Court declined jurisdiction of the appeal.  *State v. Hayden*, 142 Ohio St.3d 1451 (2015).

On September 22, 2015, Petitioner signed the *Petition, Petition*  (ECF No. 1, PageID# 21), which was then filed on September 28, 2015.[1]  Petitioner alleges that he was denied due process and fundamental fairness because a single judge rendered judgment in a capital case in violation of state law (claim one); and that he was denied due process because the state courts re-characterized his challenge to a facially void judgment as a petition for post conviction relief (claim two).  Respondent contends that claim one must be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d), and that claim two fails to present an issue cognizable in federal habeas corpus proceedings.

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions:

(d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] The case was originally filed in the Northern District of Ohio and was subsequently transferred to this Court. *Order* (ECF No. 3.)

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because Petitioner's conviction became final in 1993, *i.e.,* prior to the effective date of the AEDPA, Petitioner had one year from the effective date of the AEDPA, or until April 24, 1997, within which to file his federal habeas corpus petition.  *See Hill v. Randle,* 27 Fed.Appx. 494, 495 (6th Cir. 2001)(citing *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999)); *Banks v. Ohio*, 238 F.Supp.2d 955, 956 (S.D. Ohio 2002).  Yet, Petitioner waited more than eighteen years, until September 22, 2015, to execute the *Petition*.  Further, Petitioner did not file his petition for post conviction relief in the state trial court until September 16, 2013, *see Motion for Issuance of a Final Appealable Order* (ECF No. 11-1, PageID# 73), *i.e.,* long after the statute of limitations had already expired.  Therefore, that filing did not toll or otherwise affect the running of the statute of limitations in this case.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)).  Therefore, Petitioner's claim one, *i.e.,* that the single trial judge improperly imposed judgment in a capital case, is plainly time-barred.

Petitioner argues that the judgment of conviction in his case did not become final in 1993, and that the statute of limitations did not begin to run at that time, because that judgment – which was entered by a single judge - was void under Ohio law. According to Petitioner, only a three-judge panel had jurisdiction to enter judgment in a case charging a capital offense; accordingly, the judgment improperly entered by the single trial judge did not constitute a valid final appealable order.[2]  *See generally Response in Opposition.*

The United States Court of Appeals for the Sixth Circuit has rejected this very argument:

> Many of the petitions cognizable on federal habeas review challenge the validity of the underlying state court judgment. The fact that the state court judgment may have been procured in violation of state or federal law does not. . .  render the judgment null under § 2244(d). This is revealed by an examination, or § 2244(d) and the practice that has developed thereunder. First, the language of the statute requires only custody "pursuant to the judgment of a state court." Nothing in the text requires that the judgment be valid under state or federal law.

> Furthermore, the validity of a judgment as a matter of state law is for the state to determine. Federal courts only adjudicate questions of federal law. *See Bell v. Arn*, 536 F.2d 123, 125 (6th Cir. 1976). To the extent that Frazier claims that the Ohio judgment is invalid under state law, that claim is not cognizable on habeas review.

> . . . . In order to constitute a "judgment" under §§ 2244(d) and 2254, a state court judgment need not be unassailable, or even *prima facie* correct. If a judgment that was procured by a procedure that violated federal constitutional rights were sufficient to render a petitioner not in custody "pursuant to the judgment of a state court" for the purpose of §§ 2244(d) and 2254, then the habeas regime embodied in these provisions would be substantially undermined. Clearly this interpretation of these statutes cannot be correct.

*Frazier v. Moore*, 252 Fed.Appx. 1, unpublished, 2007 WL 3037256, at *5 (6th Cir. 2007)(even a judgment defective under state law constitutes a judgment for purposes of the running of the one-year statute of limitations under § 2244(d)).  In short, Petitioner's claim one is untimely.

---

[2] The state appellate court rejected this argument.  *See State v. Hayden*, 2014 WL 6436258.

As to Petitioner's claim two, *i.e.,* that the state courts deprived him of due process by re-characterizing his challenge to the trial court's judgment as a petition for post conviction relief, Respondent correctly observes that such claim fails to present an issue appropriate for federal habeas corpus relief.  Errors or deficiencies in post conviction proceedings are not properly considered in habeas corpus proceedings.  *See Spence v. Sheets*, 675 F.Supp.2d 792, 827 (S.D. Ohio 2009)(citing *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986)); *see also Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007)(citations omitted).  This claim, therefore, does not provide a basis for federal habeas relief.

### Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 11) be **GRANTED**, and that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report*

*and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
May 10, 2016

7